UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**CASE NO.**



STATE OF FLORIDA,

    Plaintiff,

                                        Removed from the Eleventh
                                        Judicial Circuit in and for Miami-
                                        Dade County, Florida, Case No.
                                        2022-003196-GD-02

v.

BENZO ELIAS RUDNIKAS

    Defendant.

_____/

IN RE: MARTA SANTANDER RUDNIKAS,

    Ward of the State.

_____/

## NOTICE OF REMOVAL

    Defendant, BENZO ELIAS RUDNIKAS, (hereinafter "Defendant"), hereby removes this

action currently pending in the Circuit Court of the Eleventh Judicial Circuit of Florida for Miami-

Dade County, Florida, to the United States District Court for the Southern District of Florida,

Miami Division, on the grounds that this Federal Court has federal subject matter jurisdiction and

federal removal jurisdiction pursuant to 28 U.S.C. §1442(a)(2) and 28 U.S.C § 1443.

## FACTS SUPPORTING FEDERAL REMOVAL JURISDICTION

1. Defendant, BENZO ELIAS RUDNIKAS, is the Plaintiff in *Rudnikas v. Gonzalez, et. al.*;
   Case # 23-CV-21201-JEM, [ECF 64].
2. The second amended complaint was filed on February 7, 2024, and includes a third-party
   claim under Title II of the Americans with Disabilities Act against the State of Florida
   for administering the Estate of Elias B. Rudnikas while Defendant's grandmother, Marta

Santander Rudnikas, was incompetent without a guardian to advocate for her interests. The second amended complaint requests an injunction against the State of Florida to pay the entire costs and damages associated with the estate of Elias B. Rudnikas proceedings administered while Plaintiff's grandmother was incompetent without a guardian and thereafter after administered with a corrupt Guardian with a conflict of interest. The second amended complaint is further requesting an Order declaring requests an Order declaring the proceedings to be void *ab initio* for violating his incompetent grandmother's constitutional rights.

3. The second amended complaint is further requesting an injunction requiring the State of Florida to remove the State of Florida's non-family member (corrupt) Guardian for the Ward in the State of Florida's Guardianship Proceedings pending in Miami Dade County; Case # 22-003196-GD-02. The second amended complaint is further requesting that Defendant be appointed Successor Guardian as the blood relative grandson. The second amended complaint is further requesting that title of the commercial property located at 3670 NW 6th Street, Miami, FL 33125 be transferred to him as the lawful property holder as the Successor Guardian of Marta Santander Rudnikas, a Ward of the State.

4. The second amended complaint and Plaintiff's ongoing participation in said lawsuit is a federally protected activity within the meaning of 42 U.S.C. § 12203(a)-(b) of Title V of the Americans with Disabilities Act.

5. The second amended complaint is also asserting claims under the Federal Computer Fraud & Abuse Act, 18 U.S.C. § 1030 *et. seq.*

6. Specifically, the second amended complaint alleges*, inter alia*, that Mercedes Gisela Gonzalez and her disinherited daughter, Maria Mercedes Rudnikas, misappropriated life insurance policies, Keogh retirement accounts, bank accounts, investment funds, and other liquid and non-liquid assets, belonging to the State of Florida's incompetent Ward, Marta Santander Rudnikas, or assets that the State of Florida's Ward had equitable title to. The second amended complaint further alleges that Mercedes Gisela Gonzalez and her disinherited daughter, Maria Mercedes Rudnikas, misappropriated a special needs trust for the Ward that obviated any need for probate proceedings including Guardianship and Estate Proceedings. Notably, the disinherited daughter, Maria Mercedes Rudnikas, is avoiding service in said lawsuit.

7. The second amended complaint also alleges that the State of Florida's corrupt Guardian of the Ward, Elena Z. George, refuses to provide the Ward (even in death) with her constitutional right of meaningful access to the state court proceedings to investigate these issues and to pursue legal action against Mercedes Gisela Gonzalez and her disinherited daughter, Maria Mercedes Rudnikas.

8. On May 20, 2024, a Motion for Default Final Judgment was filed in *Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM, as to Mercedes Gisela Gonzalez for the spoilation of the protected computers where the undersigned alleges she committed her Computer Fraud & Abuse Act violations of naming herself the Personal Representative of the Estate of Elias B. Rudnikas as well as misappropriating and changing the named beneficiaries of life insurance policies, retirement accounts, bank accounts, and other assets intended for the State of Florida's Ward, Marta Santander Rudnikas, to herself and her disinherited daughter, Maria Mercedes Rudnikas.

9. On May 28, 2024, Plaintiff filed a second federal lawsuit against the State of Florida, Governor Ron De Santis, and the Eleventh Judicial Circuit of Florida. *See Rudnikas v. State Florida, et. al.*; Case # 24-CV-22031-JEM, [ECF 1].

10. The lawsuit asserts ADA claims. More specifically, discriminatory unconstitutional denial of the fundamental of access to the Courts triggering the abrogation of the State of Florida's Eleventh Amendment Immunity under the U.S Supreme Court's holding in *Tennessee v. Lane*.

11. Because the lawsuit alleges valid Title II ADA claims against State where it's Eleventh Amendment immunity is abrogated, it is federally protected activity within the meaning of 42 U.S.C. § 12203(a)-(b).

12. The initial complaint in the second action filed on May 28, 2024, requested an injunction against the State of Florida prohibiting them from intimidating Plaintiff with baseless criminal contempt proceedings solely because of his federally protected ADA lawsuit, in violation of Title V of the ADA. *Id.*

13. The initial complaint in the second action also requested an injunction under Title II of the Americans With Disabilities Act, requesting that the State of Florida remove it's current non-family member, conflicted Guardian, Elena Z. George, and instead appoint Plaintiff as the Successor Guardian of his incompetent grandmother as the blood relative

grandson to provide his incompetent grandmother with her constitutional fundamental right of meaningful access to the Court's that is protected under *Lane*.

14. The initial complaint also requested an injunction under Title II and Title V of the Americans with Disabilities Act requesting that the State of Florida and it's instrumentality, the Eleventh Judicial Circuit of Florida, restore the status quo with respect to title to 3670 NW 6th Street, Miami, FL 33125 and that they transfer title to his incompetent grandmother as requested by the attorney for the State of Florida's current Guardian of the Ward, Alex Cuello, at a hearing held with the State and the Eleventh Judicial Circuit of Florida on March 26, 2024 at a hearing held in the Estate of Elias B. Rudnikas (the estate case has been subsequently removed to Federal Court. See State of Florida v. Rudnikas; Case # 24-CV-22733-JEM).

15. On May 29, 2024, Defendant's incompetent grandmother, Marta Santander Rudnikas, a Ward of the State of Florida, died vesting title to the 3670 NW 6th Street, Miami, FL 33125, commercial property to Defendant, BENZO ELIAS RUDNIKAS, along with the homestead property located at 319 Bird Road, Coral Gables, FL 33146.

16. On June 13, 2024, Defendant suffered the adverse action of the State of Florida retroactively initiating an ancillary ***ex post facto*** criminal prosecution against Defendant in the civil action of the Estate of Elias B. Rudnikas; Case # 22-000238-CP-02, purportedly pursuant to a hearing it held on a Motion to Discharge an expired Federal Lis Pendens on May 21, 2024.

17. The May 21, 2024 hearing in the State of Florida's Estate of Elias B. Rudnikas proceedings solely noticed for a motion to discharge federal *lis pendens* should have been cancelled as moot because United States Magistrate Judge Eduardo Sanchez had determined the day before on May 20, 2024 that the federal *lis pendens* filed in November 2023 and March 2024 on the 3670 NW 6th Street commercial property had expired in the matter of *Rudnikas v. Gonzalez, et. al.*; Case # 23-CV-21201-JEM.

18. Instead of cancelling, State of Florida charged Defendant with the crime of criminal contempt for his federally protected activity of participating in his ADA lawsuit against the State of Florida via docketing and recording a federal lis pendens based on the outcome of his federal lawsuit, on an *ex post facto* basis, setting an criminal contempt trial for July 18, 2024 hearing.

19. On July 15, 2024, Defendant recorded his federal lis pendens for the second action filed on May 28, 2024 in *Rudnikas v. State of Florida, et. al.*; Case # 24-CV-22031-JEM, based on the fact that he was requesting in the second action against the State of Florida, an injunciton under Title II to be appointed successor Guardian of the Ward and for title to the 3670 NW 6th Street commercial property to be transferred to Defendant as the successor Guardian of the Ward.

20. On July 15, 2024, Defendant filed a verified amended complaint in *Rudnikas v. State of Florida, et. al.*; Case # 24-22031-JEM, [ECF 73], that added as a named defendant, the Probate Judge of the State of Florida, Jorge Enrique Cueto, who retroactively initiated *ex post facto* criminal proceedings against Defendant in a civil probate case after Defendant engaged in the federally protected activity of filing his second federal lawsuit on May 28, 2024.

21. The verified amended complaint, like the initial complaint, is requesting an injunction under Title II of the Americans with Disabilities Act to make Defendant the successor Guardian of the State of Florida's Ward, Marta Santander Rudnikas.

22. The verified amended complaint, like the initial complaint, is also requesting an injunction under Title II of the Americans With Disabilities Act to transfer title to 3670 NW 6th Street to Defendant as the successor Guardian of the State of Florida's Ward, Marta Santander Rudnikas.

23. The verified amended complaint is also alleging a discriminatory unconstitutional denial of access to the state court proceedings under Title II of the Americans with Disabilities Act by the State of Florida in that they are not providing Defendant with a neutral arbiter since the State of Florida's probate Judge, Jorge Enrique Cueto, who harbored a discriminatory animus against Defendant, even before he attempted to prosecute Defendant, does not recuse himself from Defendant's cases.

24. On July 17, 2024, Defendant removed the State of Florida's *ex post facto* criminal prosecution being overseen by State Official Jorge Enrique Cueto to this Federal Court in the matter of State of Florida v. Rudnikas; Case # 24-CV-22733-JEM.

25. On July 18, 2024, Defendant moved for a preliminary, permanent injunction against the State of Florida, Governor Ron De Santis, the Eleventh Judicial Circuit, Nushin G.

Sayfie, and Jorge Enrique Cueto in *Rudnikas v. State of Florida, et. al.;* Case # 24-CV-22031-JEM, [ECF 75] under the ADA Retaliation clause of Title V of the ADA.

26. Notably, around the same time period, the State of Florida's Guardians' husband, Joseph George, was suspended by the Florida Bar for 3 years for attempting to misappropriate approximately $1,000,000.00 from an disabled elderly incompetent Ward.

27. Nushin G. Sayfie was actively involved in these disciplinary proceedings against Joseph George, Elena Z. George's husband.

28. Joseph George was also involved in the Guardianship of Defendant's incompetent grandmother, Marta Santander Rudnikas, at the early stages in July 2022 when Elena Z. George mentioned that Defendant's grandmother had cash assets in checking and saving accounts in her July 2022 filings in the guardianships. Joseph George's involvment is proven by Alex Cuello's billing entries in his timesheets around the same time period.

29. Unfortunately, following Joseph George's involvement, the checking and saving accounts of Defendant's incompetent grandmother were never mentioned again.

30. On August 1, 2024, Defendant moved to disqualify the State of Florida's Guardianship Judge, Jorge Enrique Cueto, whom Defendant sued in federal court on July 15, 2024 in the matter of Rudnikas v. State of Florida, et. al.; Case # 24-CV-22031-JEM, [ECF 73]. Again, this the same State of Florida official that initiated an ex post facto criminal prosecution against Defendant for a federally protected activity, that had to be removed to this federal court in the matter of State of Florida v. Rudnikas; Case # 24-CV-22733-JEM. The State of Florida's Order denying the Motion to Disqualify and Defendant's Motion to Disqualify is attached hereto as Exhibit A.

31. On August 26, 2024, the State of Florida filed a final accounting directed at Defendant with the purpose of seeking objections from Defendant to the State of Florida's final accounting of the Ward's assets he inherited on May 29, 2024. Same is attached hereto as Exhibit B.

32. Notably, the final accounting omits assets the State of Florida's Ward inherited from Elias B. Rudnikas, including but not limited to: 1) the 3670 commercial property that the Ward inherited from Elis B. Rudnikas on November 17, 2021 when Elias B. Rudnikas died; (2) all the assets from the inventory of the Estate of Elias B. Rudnikas including several bank accounts and receipts of depository;(3) the assets of the Ward such as life

insurance policies, retirement accounts, pay on death accounts that are the subject of federal lawsuit: *Rudnikas v. Gonzalez, et. al.*; Case # 23-CV-21201-JEM and *Rudnikas v. State of Florida, et. al.*; Case # 24-CV-22031-JEM

33. Posed otherwise, the State of Florida is allowing the probate attorneys to misappropriate assets of the incompetent Ward that Defendant inherited on May 29, 2024, to pay predatory attorneys fees that the Honorable Jose E. Martinez, has never deemed them entitled to and that are the subject of an injunction in the aforementioned federal proceedings.

34. The final accounting also constitutes ADA retaliation, ADA interference, and ADA coercion by the State of Florida against Defendant because it is an attempt by the State of Florida to moot Defendant's claims for injunctive relief in *Rudnikas v. Gonzalez, et. al.*; Case # 23-CV-21201-JEM and *Rudnikas v. State of Florida, et. al.*; Case # 24-CV-22031-JEM, since it seeks to close the State of Florida's guardianship proceedings within 30 days of the filing of the accounting, while Defendant's federal lawsuits against State of Florida, the Supreme Guardian of the Ward, are still pending. [1]

35. The final accounting also constitutes ADA retaliation because it is an attempt by the State of Florida to deprive Defendant of his homestead property at 319 Bird Road that he inherited from his grandmother at the moment of her death on May 29, 2024. The State of Florida's Guardian is not even paying the FPL bills on the property and the AC units in the property have been turned off, but yet Alex Cuello and the State of Florida now want to try and bring in that homestead property that they have abandoned and left without insurance in retaliation for Defendant's federally protected activity.

36. The State of Florida has all but approved of the accounting filed by it's corrupt guardian and her corrupt attorney. In fact, ***three minutes after the accounting was filed***, the State of Florida's Clerk of Court sent out a notification solely instructing Alex Cuello to correct a typo in the final accounting, but otherwise approved of everything else in the discriminatory and retaliatory final accounting that is directed to Defendant and that seeks objections from Defendant related to property issues that are subject of federal

---

[1] Not surprisingly, the timing of all of this is very suspect considering that the State of Florida's Counsel, Martha Hurtado, keeps requesting extensions of time to respond to the verified amended complaint in Rudnikas v. State of Florida, et. al.; Case # 24-CV-22031-JEM, [ECF 73].

disputes pending adjudication by the Honorable Jose E. Martinez, an Officer of the Court of the United States.

37. Defendant cannot enforce his federal disability rights in any Court of the State, much less the State of Florida's guardianship proceedings directed to him with respect to the final accounting and missing property, missing bank accounts,missing life insurance policies, and other unaccounted for assets of the incompetent Ward because he is already suing the State of Florida in federal court because they are denying him and his incompetent grandmother their 14th amendment constitutional fundamental right of meaningful access to the Courts that is protected by Title II of the ADA, as it relates to the same guardianship case.

38. Defendant cannot enforce his federal disability rights in any Court of the Staate, much less the State of Florida's guardianship proceedings directed to him with respect to the final accounting and missing property, missing, bank accounts, missing lie insurance policies, and other unaccounted for assets of the incompetent Ward because he is suing the State of Florida's Probate Judge, Jorge E. Cueto, overseeing the guardianship proceeding, who has since retaliated by refusing to disqualify himself from the case.

39. Posed otherwise, the State of Florida is retaliating by denying Defendant his fundamental 14th amendment constitutional due process rights that entitle him to a neutral arbiter.

40. On August 28, 2024, the State of Florida set a hearing for George Billbrough to obtain Federal Attorneys Fees from property that Defendant legally owns and is the property holder of, as of May 29, 2024, in the State of Florida's Guardianship Court. Specifically, federal attorneys related to the matter of *Rudnikas v. State of Florida, et. al.;* Case # 24-CV-22031-JEM, where he is a named defendant along with Jorge Enrique Cueto and State of Florida. The Notice of Hearing is attached as Exhibit C.

41. The docket of the State of Florida's Guardianship proceedings is attached as Exhibit D.

## FEDERAL REMOVAL JURISDICTION EXISTS UNDER § 1442(a)(2)

42. *Vermont v. MPHJ Technology Investments, LLC*, 803 F.3d 635, 647 (Fed. Cir. 2015) ("Section 1442(a) is commonly known as the federal officer removal statute and normally authorizes removal by federal officers sued in state court. **Section 1442(a)(2)**

**expands the circumstances in which removal is authorized to allow owners of
federally-derived property rights to remove a cause of action to federal court—even
where a federal officer is not a defendant—if the action "affects the validity of
any law of the United States." § 1442(a)(2). Removal under § 1442(a)(2) requires
that (1) an action be instituted in state court; (2) the action be against or directed to
the holder of a property right; (3) the property right be derived from a federal
officer; and (4) the action would "affect" the validity of a federal law.** *Id.* MPHJ
asserts that its patents were property rights, derived from the Patent and Trademark Office
pursuant to Title 35 of the U.S. Code, and that the State's action—which it asserts would
frustrate MPHJ's ability to assert its patent rights—"affects" the interests protected under
the Patent Act. As with other removal decisions, we review *de novo* a district court's
determination of whether removal is authorized under § 1442(a)(2). *Isaacson,* 517 F.3d
at 135.")

43. Here, the State of Florida's ancillary final accounting proceeding in the guardianship
action instituted on August 26, 2024 are solely directed to Defendant, Benzo Elias
Rudnikas, because he is the Ward's successor in interest whom the State of Florida's is
attempting to seek objections from and whom as of May 29, 2024, is the lawful property
holder of the Ward's assets. The State of Florida is now attempting to deprive Defendant
of, through omission from the final accounting and misappropriation by its current
corrupt Guardian Elena Z. George, of millions of dollars worth of assets in retaliation for
filing and participating in his ongoing ADA lawsuit against the State and the assigned
Guardianship Judge for their discriminatory actions in the same proceedings. They have
also omitted the 3670 NW 6th Street Commercial Property in retaliation for Defendant's
federal ADA lawsuit where he is seeking an injunction to be the successor guardian and
where he is seeking an injunction for the 3670 NW 6th Street commercial property to be
transferred to him. The proceedings are a retaliatory attempt to moot the claims for
injunctive relief as to the State of Florida's guardianship proceedings and the 3670 NW
6th Street commercial property.

44. Defendant's property rights and title as a property holder to the assets of the incompetent
Ward derive from a federal officer of the Courts of the United States, the Honorable Jose
E. Martinez of the Southern District of Florida, as explained supra where Defendant is

requesting an injunction against the State of Florida to make him the successor Guardian of the Ward and where he is requesting title to the 3670 NW 6th Street commercial property as the successor guardian of the Ward.

45. The aforementioned State of Florida guardianship proceedings, if allowed to remain in State Court, would and currently affect the validity of any Law of the United States because they are an attempt to close the State of Florida's guardianship proceedings and moot the claims for injunctive relief related to Defendant's property rights, that are the subject of the federal proceedings against the State that are pending before the Honorable Jose E. Martinez, an Officer of the Court of the United States. *See Vermont v. MPHJ Technology Investments*, LLC, 803 F.3d 635, 647-48 (Fed. Cir. 2015) ("Claims under the BFAPIA are in the amended complaint. We find that they are not. Because the amended complaint neither asserts claims under, nor requests an injunction requiring MPHJ to comply with, the BFAPIA, we find there was no basis in the amended complaint for removal under 28 U.S.C. 1442(a)(2). We, therefore, affirm.").

46. Defendant's removal is timely because it has been brought within the thirty days of receiving the State of Florida's August 26, 2024 final accounting directed to Defendant that seeks to deprive Defendant of his title to the Ward's property that is dependent on the federal injunctions Defendant is requesting from the Honorable Jose E Martinez, an officer of the Court of the United States within the meaning of 28 U.S.C. 1442(a)(2).

47. The removal also falls within the purview of 28 U.S.C. 1442(a)(2) because the State of Florida has allowed Goerge Billbrough to move for federal attorney's fees that he needs to seek entitlement from in the Federal Court from the Honorable Jose E. Martinez in the State of Florida's guardianship Court. In other words, the State is allowing it's co-defendant in the second federal action to seek federal attorneys fees from the undersigned that are governed by Title II of he ADA and Fed. R. Civ. P. 54. The proceeding affects the validity of any Law of the United States because it is an attempt to make Defendant's access and the Ward's access to the Honorable Jose E. Martinez's federal proceedings contingent upon paying George Eillbrough's fees that the Honorable Jose E. Martinez has never deemed him entitled to and whom Defendant's title to said property as it relates to attorneys is dependent upon the Honorable Jose E. Martinez deeming Defendant the prevailing party.

## FEDERAL SUBJECT MATTER JURISDICIONT EXISTS UNDER 28 U.S.C. 1443

48. *Davis v. Glanton*, 107 F.3d 1044, 1047-48 (3d Cir. 1997) ("While the language of this section is opaque, the jurisprudence has made clear that Congress has crafted only a narrow exception to the rule that a state court action may be removed to a federal district court only if federal jurisdiction is evident on the face of the plaintiff's well-pleaded complaint (which, of course, it is not in this state defamation action). In *State of Georgia v. Rachel*, 384 U.S. 780 (1966), the Supreme Court articulated the precise circumstances required to sustain removal under Section(s) 1443(1), clarifying that removal requires satisfaction of a two-pronged test: a state court defendant must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights"; and (2) that he is "`denied or cannot enforce' that right in the courts" of the state. Id. at 788. In Rachel, twenty African-American individuals were prosecuted in state court for criminal trespass violations as a result of their attempts to obtain service at a privately owned restaurant in Atlanta, Georgia. In contrast, federal law required such a restaurant to serve persons of all races, thus immunizing the conduct for which they were being prosecuted. The arrested individuals sought to remove the state court prosecutions to federal court on the basis of 28 U.S.C. §(s) 1443(1). In construing the first requirement, the Court determined that "the phrase `any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Id.* at 792. The Court concluded that the statute invoked by the removing defendants, the Civil Rights Act of 1964, was a statute providing for equal civil rights. The Court then addressed the second statutory requirement — that the state court defendant be "denied or cannot enforce" his or her rights in state court. The Court noted that, in order for pre-trial removal to be sustained, denial of rights traditionally had been required to be so manifest in a formal expression of state law that "it could be taken as suitable indication that all courts in that State would disregard the federal right of equality with which the state enactment was precisely in conflict." Id. at 804 (citing *Strauder v. West Virginia,* 100 U.S. 303 (1880), and *Commonwealth of Virginia v. Rives*, 100 U.S.

313 (1880)). The Court explained that, given the particular circumstances of that case, a firm prediction that a defendant would be denied federal rights in the state court might be made even in the absence of a discriminatory state enactment. In creating a narrow exception to the traditional "denied or cannot enforce" interpretation, the Rachel Court recognized that Section(s) 203 of the Civil Rights Act of 1964 specifically prohibited any "punishment or attempts to punish" any person for exercising rights secured by other sections of the Act. Id. In fact, the Court noted that in *Hamm v. City of Rock Hill*, 379 U.S. 306, 311 (1964), it had interpreted Section(s) 203 of the Civil Rights Act of 1964 to prohibit "on its face . . . prosecution of any person for seeking service in a covered establishment, because of his race or color." Rachel, 384 U.S. at 785. Based on the prohibition against prosecution contained in Section(s) 203, the Court concluded that "nonforcible attempts to gain admittance to or remain in establishments covered by the Act, are immunized from prosecution." Id. Accordingly, the Court opined that "in the narrow circumstances of this case, any proceedings in the courts of the States will constitute a denial of the rights conferred by the Civil Rights Act of 1964 as construed in *Hamm*." Id. at 804 (emphasis added).")

49. Defendant satisfies the first requirement of establishing that... "he is being deprived of rights guaranteed by a federal law providing for . . . equal civil rights".....because: (1) the United States Supreme Court has found Title II of the ADA to incorporate the same rights, remedies, and procedures of the Civil Rights Act of 1964, that relates to racial discrimination which falls under the purview of 28 U.S.C. §1443(1). *See Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002) ("Section 202 of the ADA prohibits discrimination against the disabled by public entities; § 504 of the Rehabilitation Act prohibits discrimination against the disabled by recipients of federal funding, including private organizations, 29 U.S.C. § 794(b)(3). Both provisions are enforceable through private causes of action. Section 203 of the ADA declares that the "remedies, procedures, and rights set forth in [§ 505(a)(2) of the Rehabilitation Act] shall be the remedies, procedures, and rights this subchapter provides" for violations of § 202. 42 U.S.C. § 12133. Section 505(a)(2) of the Rehabilitation Act, in turn, declares that the "remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 . . . shall be available" for violations of § 504, as added, 92 Stat. 2983, 29 U.S.C. § 794a(a)(2). Thus,

the remedies for violations of § 202 of the ADA and § 504 of the Rehabilitation Act are coextensive with the remedies available in a private cause of action brought under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., which prohibits racial discrimination in federally funded programs and activities.").

50. Relatedly,  the rights, remedies, procedures provision of Title V of the ADA, 42 U.S.C. § 12203(c), incorporates the same remedies, rights, and procedures set forth in Title II of the ADA, 42 U.S.C. § 12133, which, in turn, as noted by Barnes, incorporates the same rights, remedies, procedures as the Civil Rights Act of 1964 that relates to racial discrimination, which would include the right to invoke 28 U.S.C. §(s) 1443(1).

51. As applied to the specific circumstances of this case, Defendant is being denied the right to be free from ADA retaliation, intimidation, coercion, and interference by the State of Florida and several State officials that include the successor probate judge, Jorge Enrique Cueto. Specifically, the State and it's instrumentalities are directly retaliating, interfering with, coercing, and intimidating Plaintiff for engaging in the federally protected activities of:1) filing and participating in his first ADA lawsuit against the State of Florida: *Rudnikas v. Gonzalez, et. al.;* Case # 23-CV-21201-JEM [ECF 64]; 2) and for filing, participating in his second federal ADA lawsuit against the State of Florida: *Rudnikas v. State of Florida, et. al.*; Case # 24-CV-22031-JEM and for filing a Notice of Removal of the State of Florida's ex post facto criminal prosecution in *State of Florida v. Rudnikas*; Case # 24-CV-22733-JEM.

52. The State of Florida, through it's instrumentality, Jorge Enrique Cueto, retaliated against Plaintiff on August 1, 2024, for engaging in the federal protected activity of suing the State of Florida, Governor Ron DeSantis, the Eleventh Judicial Circuit of Florida, Nushin G. Sayfie, and Jorge E. Cueto with the verified amended complaint on July 15, 2024 and moving for a preliminary injunction under the ADA as to these Defendants on July 18, 2024 and for filing a notice of removal of their ex post facto criminal prosecution on July 17, 2024 in the matter of the State of Florida v. Rudnikas; Case # 24-CV-22733-JEM.

53. The State and its instrumentalities accomplished this retaliation against Defendant in violation of Title V of the ADA by taking the adverse action of not requiring Jorge Enrique Cueto to disqualify himself from the State of Florida's guardianship proceeding in Miami Dade County, even though Defendant has sued him in Federal Court to enforce

his federal disability rights and even though Jorge Enrique Cueto is the primary state official who attempted to criminally prosecute Defendant on an ex post facto basis for engaging in the federally protected activity of recording a federal lis pendens for Defendant's ADA lawsuit in Rudnikas v. Gonzalez, et. al.; Case # 23-CV-21201-JEM.

54. There is a casual relation between Plaintiff's protected activity against the State and it's official, Jorge Enrique Cueto, on July 15, 2024 and the State of Florida's adverse action on August 1, 2024 through temporal proximity because the adverse action occurred within one month of the protected activity.

55. Defendant cannot enforce his federal disability rights in any Court of the State, much less the State of Florida's guardianship proceedings directed to him with respect to the final accounting and missing property, missing bank accounts, missing life insurance policies, and other unaccounted for assets of the incompetent Ward because he is already suing the State of Florida in federal court because they are denying him and his incompetent grandmother their 14th amendment constitutional fundamental right of meaningful access to the Courts that is protected by Title II of the ADA, as it relates to the same guardianship case.

56. Defendant cannot enforce his federal disability rights in any Court of the State, much less the State of Florida's guardianship proceedings directed to him with respect to the final accounting and missing property, missing, bank accounts, missing lie insurance policies, and other unaccounted for assets of the incompetent Ward because he is suing the State of Florida's Probate Judge, Jorge E. Cueto, overseeing the guardianship proceeding, who has since retaliated by refusing to disqualify himself from the case as noted by Exhibit A.

57. Posed otherwise, the State of Florida is retaliating by denying Defendant his fundamental 14th amendment constitutional due process rights that entitle him to a neutral arbiter.

58. Defendant's removal of the State of Florida's retaliation proceedings directed towards in the Guardianship action is timely because they have been brought within thirty days of the State of Florida refusing to provide a neutral arbiter which occurred on August 1, 2024.



Signed pursuant to Federal Rule of Civil Procedure 11.

BENZO E. RUDNIKAS
950 SW 57TH AVE, APT 711
MIAMI, FL 33144
BENZO.RUDNIKAS@GMAIL.COM
(305) 213-9889
By: /s/ *Benzo Rudnikas* (signed pursuant to Fed. R. Civ. P. 11)
Benzo E. Rudnikas

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 3 2024, I conventionally filed the foregoing document with the clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ BENZO E. RUDNIKAS*
BENZO E. RUDNIKAS