UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23364-CIV-MARTINEZ/SANCHEZ

STATE OF FLORIDA,

    Plaintiff,

v.

BENZO ELIAS RUDNIKAS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON
EMERGENCY MOTION TO ENJOIN STATE COURT PROCEEDINGS**

This matter is before the Court on the Emergency Motion to Enjoin State Court Proceedings Pending Removal Proceedings in Federal Court filed by Elena George and The Billbrough Firm, P.A. (the "Movants"). ECF No. 66.[1] After careful consideration of the motion, the record, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that the Emergency Motion to Enjoin State Court Proceedings Pending Removal Proceedings in Federal Court (ECF No. 66) be **DENIED WITHOUT PREJUDICE**.

Here, Benzo Elias Rudnikas's ("Rudnikas") filing of a notice of removal in the state guardianship proceedings involving Marta Santander Rudnikas[2] has divested the state court of jurisdiction over that state court case. *See* 28 U.S.C. § 1446(d). The Movants concede as much. *See* ECF No. 66 at 1, 4-5. However, the Movants report that Rudnikas has now filed a petition in

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this matter to the undersigned "for a Report and Recommendation on all dispositive matters." ECF No. 8.

[2] Despite the style that has been used for this case as a result of Rudnikas's incongruously-styled notice of removal, this case arises from the removal of *In re the Guardianship of Marta Santander Rudnikas*, Case No. 2022-003196-GD-02 (Fla. 11th. Jud. Cir.), not from any case styled as *State of Florida v. Benzo Elias Rudnikas*. *See* ECF No. 1.

the state guardianship matter (the "Petition") seeking to remove and surcharge the guardian, Elena George. ECF No. 66 at 4; ECF Nos. 66-1 and 66-2 (Petition and Formal Notice). Accordingly, the Movants argue that this Court "must issue an injunction precluding proceedings in state court on Benzo Rudnikas' claims initiated there." ECF No. 66 at 3.

To obtain such an injunction, the Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

"When a removal is filed and proper notice is given, the entire case is transferred to the federal district court." *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1251 (11th Cir. 1988). As the Eleventh Circuit has explained:

> [28 U.S.C.] § 1446[(d)] expressly provides that upon removal "the State court shall proceed no further unless and until the case is remanded." Hence, after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void *ab initio*.

*Id.* at 1254-55 (citations omitted). Moreover, a party "is not obligated to appear in state court and litigate the suit on the merits if the state court exercises jurisdiction in defiance of the removal." *Id.* at 1255 n.12 (citing *Nat'l S.S. Co. v. Tugman*, 106 U.S. 118, 123 (1882)); *see also Allstate Ins. Co. v. Preston*, 842 F. Supp. 1441, 1443-44 (S.D. Fla. 1992) (concluding "that further litigation of the action in state court is improper" after removal and until the case is remanded).

Florida courts also recognize and enforce the jurisdiction-divesting consequences imposed by § 1446(d). Indeed, Florida's Third District Court of Appeal has long recognized that, unless the federal court remands a case, a state court has no jurisdiction over a removed case:

> Under [28 U.S.C. § 1446(d)], state court jurisdiction ceases when a copy of the notice of removal is filed in the state court. Thereafter, the state court is allowed to resume jurisdiction of the removed case if, and only if, the federal court grants

> permission by entering an order of remand. The statute is explicit on this point. There was no order of remand in this case. Consequently the trial court could not resume jurisdiction of the removed action.

*Preston v. Allstate Ins. Co.*, 627 So. 2d 1322, 1324 (Fla. 3d DCA 1993) (citation and footnote omitted). "Absent an order of remand, . . . plaintiffs could not return to state court to resume litigating the original (removed) case." *Id.*

Here, the Movants have not shown that the state court has taken any action—or shown any inclination to take any action—to in any way address Rudnikas's recently filed Petition in violation of 28 U.S.C. § 1446(d). The Movants have not asserted that the state court has set a hearing on the Petition, that the state court has required the Movants to respond, or that the state court has done anything at all. Rather, the Movants have simply identified an August 25 response deadline calculated from Rudnikas's filing of the Petition and related "formal notice" in *In re the Guardianship of Marta Santander Rudnikas*, Case No. 2022-003196-GD-02 (Fla. 11th. Jud. Cir.), *see* ECF No. 66 at 4—filings which were improper and void *ab initio* following the filing of Rudnikas's notice of removal given that this case has not been remanded to state court, *see, e.g.*, *Maseda*, 861 F.2d at 1255; *Preston*, 627 So. 2d at 1324 (striking order that was entered after removal and directing "that the action abate pursuant to 28 U.S.C. § 1446(d)"); *Gunning v. Brophy*, 746 So. 2d 468, 468 (Fla. 2d DCA 1997) (holding that state circuit court order that was entered after removal to federal court was "void ab initio").

While the Movants' concerns regarding Rudnikas's improper attempts to re-instigate proceedings in the state court are understandable, the Movants have not established that they will suffer irreparable injury if the state court is not enjoined. The law, both federal and state, already precludes the state court's exercise of jurisdiction in Case No. 2022-003196-GD-02, and there is nothing that indicates that the state court will not be following that law. Moreover, Rudnikas's Petition in Case No. 2022-003196-GD-02, filed after his removal of that case to this Court, amounts to nothing more than a legal nullity. *See, e.g.*, *Gallup v. Wal-Mart Stores E., LP*, No.

3

2:20-CV-14131, 2020 WL 13368732, at *2 (S.D. Fla. June 29, 2020) ("[A]nything filed in state court after [removal] was a nullity.").

## CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Emergency Motion to Enjoin State Court Proceedings Pending Removal Proceedings in Federal Court (ECF No. 66) be **DENIED WITHOUT PREJUDICE**. In the unlikely event that the state court proceeds with Case No. 2022-003196-GD-02, the Movants should be allowed to refile their motion.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge. Accordingly, the parties shall have **until August 22, 2025** to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 19th day of August 2025.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Jose E. Martinez
      Counsel of Record