UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23364-CIV-MARTINEZ/SANCHEZ

STATE OF FLORIDA,

      Plaintiff,

v.

                                       Florida Case No. 2022-003196-GD-02
                                       (Fla. 11th Cir. Ct.)

BENZO ELIAS RUDNIKAS,

      Defendant.

_____/

**OMNIBUS REPORT AND RECOMMENDATION ADDRESSING
MOTION FOR REMAND AND OTHER PENDING MOTIONS**

      This matter is before the Court on the Motion for Remand to State Court for Lack of Subject Matter Jurisdiction and Motion for Attorney Fees filed by Elena George and The Billbrough Firm, P.A. (the "Movants"), ECF No. 5.[1]  After careful consideration of the motion, the response filed by Benzo Elias Rudnikas (ECF No. 26), Movants' reply (ECF No. 28), the record in this matter, including other pending motions, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that the Motion for Remand to State Court for Lack of Subject Matter Jurisdiction (ECF No. 5) be **GRANTED**, that the accompanying Motion for Attorney Fees be **DENIED**, and that additional pending motions in this case be **DENIED AS MOOT** based on the remand of this case to state court.

## I.       BACKGROUND

      This federal case commenced on September 3, 2024 when Benzo Elias Rudnikas ("Rudnikas") filed a Notice of Removal through which he removed the state court guardianship proceedings involving Marta Santander Rudnikas, Case No. 2022-003196-GD-02 (Fla. 11th. Jud.

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this matter to the undersigned "for a Report and Recommendation on all dispositive matters."  ECF No. 8.

Cir.) ("State Guardianship Proceedings"), to this Court.[2]  ECF No. 1.  According to Rudnikas and his Notice of Removal, this Court "has federal subject matter jurisdiction and federal removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(2) and 28 U.S.C § 1443."  ECF No. 1 at 1.

## II.    LEGAL STANDARD

"Removal of a case from state court to federal court is a very limited remedy that only applies in specific, statutorily defined, circumstances."  *Florida v. Johnson*, No. 25-CV-22801-RAR, 2025 WL 2423677, at *1 (S.D. Fla. Aug. 22, 2025) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) ("The right of removal is entirely a creature of statute and 'a suit commenced in state court must remain there until cause is shown for its transfer under some act of Congress.'  These statutory procedures for removal are to be strictly construed." (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918))); *see also, e.g.*, *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) ("An action in state court may be removed to federal court when the federal courts have diversity or federal question jurisdiction." (citing 28 U.S.C. § 1441(a)).  The removing party "bears the burden of proving that this Court has federal jurisdiction" and "establishing compliance with the removal statute requirements."  *Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1344 (S.D. Fla. 2012); *see also, e.g.*, *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("[T]he removing party bears the burden of showing the existence of federal jurisdiction."); *Johnson*, 2025 WL 2423677, at *1 ("The removing party bears the burden of showing that the federal court has jurisdiction over the removed case . . . ."); *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1318 (M.D. Ala. 2006) (explaining that when a plaintiff challenges a removal petition, "the burden of confirming that

---

[2] Despite the style that has been used for this case as a result of Rudnikas's incongruously-styled notice of removal, this case arises from the removal of *In re the Guardianship of Marta Santander Rudnikas*, Case No. 2022-003196-GD-02 (Fla. 11th. Jud. Cir.), not from any case styled as *State of Florida v. Benzo Elias Rudnikas* nor from any case in which the State of Florida is a plaintiff or Rudnikas is a defendant.  *See* ECF No. 1.

removal was proper falls upon the defendant").  Federal courts are directed to "construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

### III.    ANALYSIS

**A.  The Case Should Be Remanded for Lack of Subject Matter Jurisdiction.**

Rudnikas asserts that the Court has removal jurisdiction over his claims pursuant to 28 U.S.C. §§ 1442(a)(2) and 1443.  *See* ECF No. 1 at 1 & ¶¶ 42-58; ECF No. 26 (Response) at 4-9. Notwithstanding Rudnikas's arguments, however, this Court does not have subject matter jurisdiction over this removed case under either § 1442(a)(2) or § 1443.

### 1. <u>*The Court Lacks Jurisdiction Under 28 U.S.C. § 1442(a)(2).*</u>

Rudnikas first claims that the case belongs in federal court under 28 U.S.C. § 1442(a)(2), *see* ECF No. 1 at ¶¶ 42-47; ECF No. 26 at 4-8.  Section 1442(a)(2) provides that:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States . . . (2) A property holder whose title is derived from any such officer [of the United States or any agency thereof], where such action or prosecution affects the validity of any law of the United States.

28 U.S.C. § 1442(a)(2).  As such, removal on this basis requires satisfaction of a two-factor test: (1) the property must derive from an officer of the United States; and (2) the controversy concerning that property must affect the validity of a federal law.  *See Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 933 F. Supp. 2d 613, 632 (S.D.N.Y. 2013) (collecting cases), *aff'd*, 586 F. App'x 604 (2d Cir. May 6, 2014); *see also Coxswell v. Anniston-Calhoun Cnty. Ft. McClellan Dev. Joint Powers Auth.*, CV-07-BE-0728-S, 2007 WL 9712005, at *4 (N.D. Ala. Aug. 28, 2007) ("[T]he rarely-invoked title dispute statute at section 1442(a)(2) applies only where the action 'affects the validity of [a federal] law.'" (citing *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp. 2d 653, 669 (E.D. Tex. 1999))).

Here, Rudnikas appears to claim that he is a property holder whose title (allegedly to various assets of Marta Santander Rudnikas, including assets that she inherited from Elias Rudnikas and the amount of the attorney's fees that were requested in the state guardianship proceedings) is dependent on United States District Judge Martinez's future rulings on requests for relief made by Rudnikas in cases that Rudnikas has filed in federal court and over which Judge Martinez is presiding. *See* ECF No. 26 at 6-8. Such claims, however, simply do not establish that Rudnikas is the present holder of any property whose title was derived from Judge Martinez or any other officer of the United States. Moreover, Rudnikas has failed to identify anything in the removed state guardianship proceedings that in any way attacks or affects the *validity* of any federal law. Rudnikas's arguments that the state court might misapply federal law simply do not convert the state guardianship proceedings into an action that "affects the *validity* of any law of the United States." 28 U.S.C. § 1442(a)(2) (emphasis added). Finally, contrary to Rudnikas's arguments, the state guardianship proceedings are not, by their very nature, "[a] civil action . . . that is against or directed to" him. 28 U.S.C. § 1442(a). Thus, there is nothing about the state guardianship case that even triggers § 1442(a).

Accordingly, Rudnikas has failed to establish subject matter jurisdiction under 28 U.S.C. § 1442(a)(2). *See also Fla. v. Rudnikas*, No. 24-22733-CIV, 2024 WL 5162461, at *2-3 (S.D. Fla. Nov. 27, 2024) (rejecting Rudnikas's arguments concerning removal of related state probate proceedings under § 1442(a)(2) and remanding to state court), *appeal dismissed*, Case No. 24-13914 (11th Cir. July 30, 2025).

2. ***The Court Lacks Jurisdiction Under 28 U.S.C. § 1443.***

Rudnikas fares no better with his alternative theory of removal jurisdiction, that is, his argument that this Court has jurisdiction over the removed state guardianship case pursuant to 28 U.S.C. § 1443, *see* ECF No. 1 at ¶¶ 48-58; ECF No. 26 at 8-9.

Section 1443(1) allows a "defendant" to remove a civil action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).[3]  This section "entitles defendants to remove only if they show *both* that (1) 'the right upon which they rely is a right under any law providing for . . . equal civil rights,' and (2) 'they are denied or cannot enforce that right' in state courts."  *Cent. Mortg. Co. v. Laskos*, 561 F. App'x 827, 829 (11th Cir. 2014) (per curiam) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)); *see also, e.g.*, *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001).  Moreover, the law invoked to satisfy requirement (1) must "provid[e] for specific civil rights stated in terms of racial equality."  *Rachel*, 384 U.S. at 792; *see also Conley*, 245 F.3d at 1295; 14C *Wright & Miller's Federal Practice & Procedure* § 3727 (Rev. 4th ed.) ("[S]tatutes or constitutional provisions phrased in terms of general rights applicable to all citizens, rather than couched in the specific language of racial equality, do not provide a basis for removal under Section 1443(1).").

As a threshold matter, Rudnikas was not defendant in the state guardianship case, and the guardianship proceedings are not a civil action against him.  Accordingly, Rudnikas is not a defendant within the meaning of § 1443 in the guardianship proceedings that he removed to this Court.  *See, e.g.*, *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1261 (11th Cir. 2025) (explaining that, for removal purposes, the "defendant" who can remove a case to state court "must be a party sued

---

[3] Although Rudnikas's arguments are premised only on § 1443(1) and Rudnikas has not invoked § 1443(2) in his notice of removal or in his arguments, the undersigned nonetheless notes that § 1443(2) furnishes no basis for removal jurisdiction in this case.  Section 1443(2) provides for removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  28 U.S.C. § 1443(2).  Only federal officers or agents, or those authorized to act with or for them, and state officers have the right to remove under § 1443(2).  *City of Greenwood v. Peacock*, 384 U.S. 808, 824 & n.22 (1966); *see also, e.g.*, *Taylor v. Phillips*, 442 F. App'x 441, 443 (11th Cir. 2011).  Because Rudnikas has not shown or even claimed that he is either a state or federal officer, or working for one, § 1443(2) provides this Court with no removal jurisdiction.  *See Taylor*, 442 F. App'x at 443.

by the original plaintiff" and is different from "everyone else," including third-party, counter-claim, and cross-claim defendants) (construing 28 U.S.C. § 1441(a)).  This defect in removal procedure—removal by someone who is not a defendant—warrants a remand to state court on the basis of Rudnikas's § 1443 removal.

More importantly, Rudnikas fails to establish subject matter jurisdiction under § 1443 and the two-pronged test announced in *Georgia v. Rachel*.  Although Rudnikas invokes the Americans with Disabilities Act ("ADA") as the civil rights law justifying removal under § 1443, the ADA does not grant "specific civil rights stated in terms of racial equality."  *Rachel*, 384 U.S. at 792; *see also Tenn. Dept. of Childs. Servs. v. Winesburgh*, 614 F. App'x 277, 280 (6th Cir. 2015) ("Because § 1443(1) applies to racial discrimination, not disability discrimination, [a removing party] cannot use this vehicle for removal.").  Indeed, Rudnikas is well-aware that Section 1443 is a "narrow exception" limited to civil rights related to racial equality, as he quoted a case setting forth this very rule.  ECF No. 1 at ¶ 48 (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047-48 (3d Cir. 1997)).  Yet Rudnikas states that he "is being denied the right to be free from ADA retaliation, intimidation, coercion, and interference by the State of Florida and several State officials," and further alleges that he was retaliated against for filing ADA lawsuits.  ECF No. 1 at ¶ 51.  These allegations say nothing about racial equality, and, more importantly, neither does the ADA.

Moreover, Rudnikas makes no showing that he cannot enforce his rights in state court. *Cent. Mortg. Co.*, 561 F. App'x at 829; *see also Gulf Offshore Co. v. Mobile Oil Corp.*, 453 U.S. 473, 477-78 (1981) (explaining general rule that state courts may exercise jurisdiction over federal causes of action unless there is a "provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication").  "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'" *Conley*, 245 F.3d at 1296 (quoting *Rachel,* 384 U.S. at 803).  Here, Rudnikas has identified no state law that prevents him from enforcing his equal rights, and his claims of bias and purported inability to

obtain fair rulings from the judge presiding over the state guardianship proceedings are insufficient to support removal under § 1443(1). *See, e.g.*, *Conley*, 245 F.3d at 1298-99 (explaining that "allegedly corrupt or otherwise improper motives of an individual state court judge" and "charges 'that the defendant is unable to obtain a fair trial in a particular state court' are insufficient to support removal under § 1443(1)" (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966))); *Cent. Mortg. Co.*, 561 F. App'x at 829 ("[A]llegations of a state court judge's bias are insufficient to satisfy the second requirement for jurisdiction under § 1443(1)."); *United States v. Cook*, No. 3:24-CR-28-TJC-MCR, 2024 WL 1270491, at *1 (M.D. Fla. Mar. 26, 2024) ("Mere allegations of 'bias' or '"charges that the defendant is unable to obtain a fair trial in a particular state court" are insufficient to support removal under § 1443(1).'" (quoting *Conley*, 245 F.3d at 1298-99 (quoting *Peacock*, 384 U.S. at 827))).

Accordingly, Rudnikas has failed to satisfy either prong of the test outlined in *Rachel* and has failed to meet his burden of establishing subject matter jurisdiction under Section 1443(1). *See also Rudnikas*, 2024 WL 5162461, at *2 (rejecting Rudnikas's arguments concerning removal of related state probate proceedings under § 1443 and remanding to state court).

---

Because Rudnikas has failed to establish subject matter jurisdiction over this removed case pursuant to either 28 U.S.C. § 1442(a)(2) or 28 U.S.C. § 1443, this case must be remanded to state court.

## B. Movants' Request for Attorney's Fees Should Be Denied.

Movants seek to recover their attorney's fees in defending against Rudnikas's attempted removal. A remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As the Supreme Court has explained, however, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking

removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, Rudnikas has contended that this Court has removal jurisdiction under 28 U.S.C. §§ 1442(a)(2) and 1443.  *See* ECF No. 1 at ¶¶ 42-58; ECF No. 26.  He previously tried to remove state probate proceedings involving the estate of his father, raising essentially the same arguments under §§ 1442 and 1443.  *See Rudnikas*, 2024 WL 5162461, at *2-3.  When the Court rejected Rudnikas's arguments in that case and remanded the case to state court, the Court nonetheless denied a request for fees pursuant to § 1447(c) because the "removal—though improper—had an 'objectively reasonable basis.'"  *Rudnikas*, 2024 WL 5162461, at *3.  The same circumstances exist here.  Accordingly, for the same reasons, and because Rudnikas's notice of removal in this case was filed before the remand order was entered in Rudnikas's other removed case, the Court should deny Movants' request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

**C.  Other Pending Motions.**

Because this Court lacks subject matter jurisdiction over the removed state guardianship proceedings and remand to the state court is required, denial of other pending motions in this case as moot is warranted.  Indeed, because this case will not continue in this Court and because the Court is required to remand for lack of subject matter jurisdiction regardless of whether any party had raised the issue, Rudnikas's Verified Motion for Disqualification, Sanctions, and for an Order to Show Cause Why George Bartram Billbrough Should Not Be Federally Disbarred (ECF No. 6) and Rudnikas's Expedited Supplemental Motion to Disqualify Opposing Counsel (ECF No. 42) should be denied as moot.  The motions in which Movants seek dismissal of this case and a remand to state court on the basis of the fugitive disentitlement doctrine and Rudnikas's post-removal attempt to re-instigate guardianship proceedings in state court, *see* Motion to Dismiss Case Due to Fugitive Disentitlement (ECF No. 60) and Motion to Dismiss Removal of Case on Subsequent Conduct Waiver (ECF No. 65), should also be denied as moot because, as explained above, this

case must already be remanded to state court for lack of subject matter jurisdiction.[4]

The undersigned also notes that there are two additional matters pending before the Court—which are not presently before the undersigned because Rudnikas has appealed from the undersigned's rulings—that will be rendered moot once this case is remanded to state court: Defendant's Rule 72 Objections as to Order Staying Discovery (ECF No. 31) and Defendant's Rule 72 Objections as to Order to Show Cause and Order on Emergency Motion for Sanctions (ECF No. 32).[5]

## IV.    CONCLUSION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS**:

(1) That the Motion for Remand to State Court for Lack of Subject Matter Jurisdiction (ECF No. 5) be **GRANTED**;

(2) That this case be **REMANDED** to the Eleventh Judicial Circuit of Florida in and for Miami-Dade County;

(3) That the Movants' Motion for Attorney Fees be **DENIED**; and

(4) That the pending motions discussed above, *see supra* Section III(C), be **DENIED AS MOOT**.

---

[4] In any event, Movants' request for a dismissal of this case, a remedy which would terminate this removed case and the guardianship proceedings that constitute the case, would not be the appropriate remedy where ongoing state guardianship proceedings were removed to federal court. Remand, rather than dismissal, is the appropriate remedy.

[5] As to the underlying requests for discovery-related sanctions in the latter appeal, the undersigned notes that, given the procedural posture in which the discovery disputes arose in this case and the explanations and representations made by attorney San Pedro in Defendant's Rule 72 Objections as to Order to Show Cause and Order on Emergency Motion for Sanctions (ECF No. 32), the undersigned would not have imposed any additional sanctions beyond those already set forth in the Order to Show Cause and Order on Emergency Motion for Sanctions for Violation of November 12, 2024, Court Order (ECF No. 30) and would not have found Rudnikas or his attorney, Mr. San Pedro, to have been in contempt if Rudnikas's appeals had not divested the undersigned of jurisdiction to rule on those matters.

9

Pursuant to Local Magistrate Rule 4(b), and particularly given recent developments in this case, including Rudnikas's efforts to re-instigate guardianship proceedings in state court, the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge. Accordingly, the parties shall have **until September 4, 2025** to file and serve any written objections to this Report and Recommendation.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

      **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 28th day of August 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Jose E. Martinez
       Counsel of Record